71　503
s73　774

## J. B. AND M. P. HOPSON *v.* LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY CO.

RAILROADS. *Condemnation. Compensation. Previous action of trespass.*

Neither the right of the company to condemn for a right of way, nor the measure of compensation to which the land owner is entitled therefor, is in any way affected by the fact that such owner, in an action of trespass, had previously recovered of the company damages for having entered on the land and built and operated its railroad.

FROM the chancery court of the first district of Coahoma county.

HON. W. R. TRIGG, Chancellor.

In March, 1891, J. B. and Mary P. Hopson filed their petition in the chancery court, alleging that they were the owners

of certain lands in Coahoma county which the New Orleans, Baton Rouge, Vicksburg & Memphis Short Line Railway Co., in 1882, had entered upon and used for a right of way for its railroad; that afterwards said railway company had, by virtue of legislative authority, consolidated with the Memphis & Vicksburg Railway Co., and other companies, and formed the Louisville, New Orleans & Texas Railway Co.; that the company first mentioned, and its successor, the defendant, had used and occupied the strip of land taken for its right of way continuously since 1882.

The petitioners prayed for the appointment of three disinterested commissioners to appraise and assess the value of the said strip of land, and the damages sustained by them by reason of the entry and occupation thereof by defendant. Commissioners were appointed, and assessed the damages at $5,000.   The railway company appealed from this award to the chancery court, and, under its order, a jury was impaneled to re-assess the damages.   On the trial, it was admitted that petitioners, J. B. and M. P. Hopson, after the condemnation proceedings had been begun, had also brought an action of trespass against the defendant to recover of it damages for having unlawfully entered upon their land and constructed its track and operated its railroad thereon; that this action had resulted in a verdict for the plaintiffs for $500. It is contended, in behalf of the defendant, that the recovery of damages in the action of trespass limits the petitioners in this proceeding to the value of the land actually taken, and, on the trial, the court granted the defendant an instruction to that effect, and refused instructions asked by petitioners to the effect that plaintiffs were entitled to recover, as compensation, the difference in the fair market value of their whole plantation, as it existed before being intersected by the railroad, and its market value as it was after the road was constructed.

There was a verdict for petitioners for $500, from which petitioners, being dissatisfied with the award, have appealed.

*Cook & Anderson,* for appellants.

The instructions given by the court are clearly erroneous. *Railroad Co.* v. *French,* 68 Miss., 22; Mills on Eminent Dom., §§ 90, 221. In addition to the actual value of the right of way, petitioners were entitled to recover for all subsequent injuries. The action of trespass did not involve any question of subsequent injuries, and payment of the damages awarded did not excuse the company from the necessity of acquiring the right of way and of compensating the owners therefor. 6 Am. & Eng. Enc. L., 565; 26 Am. St. R., 486.

*Mayes & Harris,* for appellee.

The instruction for defendant was correct, under the ruling of this court in *Railroad Co.* v. *French,* 68 Miss., 22. All the elements of damage claimed, over and above the value of the mere right of way, were recoverable in the trespass case. Whether they were actually recovered is immaterial, since they might have been. *Gaines* v. *Kennedy,* 53 Miss., 103; 3 Sutherland on Dam., 369, note 3; *Ib.,* 372, 403; *Donovan* v. *Railway Co.,* MS. Op.

CAMPBELL, C. J., delivered the opinion of the court.

The jury was not properly instructed.

The measure of the " due compensation " ·to be awarded the owners of the land was not in any way affected by their recovery in the action of trespass for unlawfully entering upon the land, and building and operating the railway. That action was for wrongful acts. This proceeding is to confer, in a lawful way, the right to continue the railway on the land. After the recovery in the action for damages, the railway company had no right to continue on the land. It had been recovered against for being unlawfully there, and for its unauthorized acts, but did not thereby secure any right. It still had the right to acquire a right of way, and thereafter enjoy it unmolested by the owners of the land; and that is what this proceeding is for, in which the owners

are entitled to compensation, as if their former action had never been instituted. The two proceedings are distinct and different things, and to this effect are our decisions, which clearly draw the distinction.

*Reversed, and remanded for further proceedings in accordance with this opinion.*